# Exhibit 1

RECEIVED AND FILED
IN DISTRICT COURT
PITTSBURG COUNTY, OKLA
SEP 8 2021
PAM SMITH
BY _____ DEPUTY

IN THE DISTRICT COURT OF PITTSBURG COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| PAULA BERNHARDT, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CJ-21-142 |
| v. | ) |
| | ) |
| GOBER TRUCKING, INC. a corporation; and | ) |
| DONALD JOSEPH ROE, an | ) |
| individual, | ) |
| | ) |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff, Paula Bernhardt and for her Petition and cause of action against the above-named Defendants alleges and states as follows:

### I. JURISDICTION

1. This Court has jurisdiction pursuant to Okla. Stat. tit. 12, § 2004(F).

2. Plaintiff Paula Bernhardt is citizen of Oklahoma.

3. Defendant Gober Trucking, Inc. (hereinafter "Gober") is a corporation organized and existing under the laws of a state other than Oklahoma.

4. Defendant Donald Joseph Roe, is a Texas citizen who was at all times described herein the agent, servant, and employee acting within the scope of his employment or on behalf of Defendant Gober.

5. Defendant Gober is responsible for the actions and conduct of Defendant Roe under the doctrine of *respondeat superior*.

6. Venue attaches in Pittsburg County pursuant to 12 O.S. § 141.

7. On or about September 10, 2019 at 10:45 a.m. a tractor-trailer owned by or leased to Defendant Gober and operated by Defendant Roe on U.S. Highway

1

69 in the City of McAlester, Oklahoma, deviated from the inside south-bound lane of travel and collided with a vehicle it was overtaking driven by Plaintiff Paula Bernhardt in the outside southbound lane. Defendants' vehicle then proceeded another 300 feet before other motorist could flag down Defendant Roe's and advise him that he had collided with another vehicle, which was still attached to the front of his commercial tractor trailer.

8. As a direct result of the collision Plaintiff sustained serious injuries and damages.

9. Immediately following the subject collision, Defendant Roe told investigating officers that he had never seen Plaintiff's vehicle.

10. At all relevant times, Defendant Roe had a duty to operate Defendants' commercial motor vehicles in a reasonable manner, including maintaining full control of the subject vehicles and operating said vehicles within his lane.

11. At all relevant times, Defendant Roe had a duty to operate Defendants' commercial motor vehicles with a proper lookout and awareness of the traffic and hazards around him at all times.

12. At all relevant times, Defendant Gober had a duty to be familiar with, and to comply with, all applicable U.S. Department of Transportation regulations relating to the safe operation of commercial vehicles.

13. At all relevant times, Defendant Gober had an independent duty to require observance of duties and/or prohibitions placed upon its drivers or employees pursuant to applicable U.S. Department of Transportation regulations relating to the safe operation of commercial vehicles

14. At all relevant times, Defendant Gober had a duty to exercise reasonable care in

supervising all persons operating under its federal motor carrier operating authority, including Defendant Roe, and to promulgate and enforce policies and procedures to ensure that its drivers and vehicles were reasonably safe, and a duty to exercise reasonable care to avoid entrusting or providing its vehicles and equipment to irresponsible, incompetent, impaired, and/or disqualified drivers.

15. Defendant Gober provided commercial motor vehicles to Defendant Roe, and required or permitted Roe to operate them while his ability or alertness was so impaired, as to make it unsafe for him to begin or to continue operating the commercial motor vehicles.

16. The tractor-trailer operated by Roe and owned by/ or leased to Gober was a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

17. At all relevant times Gober and its employee Roe were subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300, et seq.

18. The Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300, et seq. are intended to protect the safety of the travelling public, including the Plaintiff.

19. At all relevant times Roe was an employee of Gober as that term is defined by 49 C.F.R. § 390.5.

20. Defendant Roe in the operation of Defendant Gober's semi- tractor and trailer failed to exercise ordinary care in causing the semi-tractor and trailer to deviate from its lane of travel, and collide with a vehicle in an adjacent lane of travel, thereby endangering the safety of the traveling public in general, and the Plaintiff in particular.

21. Defendant Roe, in operation of Defendant Gober's semi- tractor and trailer violated multiple provisions of the Oklahoma's Rules of the Road, Okla. Stat.

3

tit. 47, § 11-101 *et seq.*, and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300 *et seq.*, which are designed to protect members of the traveling public, including Plaintiff, from unnecessary injury and harm.

22. A substantial factor causing the collision and the injuries and damages to the Plaintiff was the negligence of Defendant Roe, including but not limited to one or more of the following respects:

   a. Failing to drive his vehicle in a single lane as required Oklahoma Statute 47 O.S. §11-309 and 49 C.F.R. §392.2;

   b. Executing an improper lane change/deviation from lane of travel in violation of Oklahoma Statute 47 O.S. §11-309 and 49 C.F.R. §392.2;

   c. Failure to keep a proper lookout for other vehicles;

   d. Failing to devote his full time and attention to his driving in violation of 47 O.S. § 11-901b and 49 C.F.R. §392.2;

   e. Failing to take evasive action to avoid the collision;

   f. Failing to apply his brakes to avoid the collision;

   g. Operating the tractor-trailer while his ability or alertness was so impaired through fatigue as to make it unsafe for him to continue to operate the vehicle, in violation of 49 C.F.R. § 392.3;

   h. Operating a commercial motor vehicle while fatigued or distracted in a careless or wanton manner without regard for the safety of persons or property in violation of 47 O.S. § 901, 49 C.F.R. § 392.3, and 49 C.F.R. § 392.2;

   i. Failing to take appropriate action to stop safely after he collided with another vehicle, and thereby continuing the harm and risk to the Plaintiff;

4

    j. Failing to maintain his vehicle under his control; and

    k. Failing to drive as a reasonable driver of a commercial motor vehicle would under the then existing conditions.

23. At the time of the collision, Defendants' semi-tractor and the trailer were under the exclusive control of Defendant Roe.

24. Defendant Roe causing the semi-tractor to deviate from his established lane of travel into another vehicle and failing to apply the brakes while traveling at a high rate of speed is the kind of event which ordinarily does not occur in the absence of negligence on the part of Defendant Roe.

25. At the time of the collision, Defendant Roe was engaged in the work which had been assigned to him by Defendant Gober or was doing that which is usual and necessary to accomplish the work assigned to him by Defendant Gober.

26. Defendant Roe's acts and omission described herein are the acts or omissions of Defendant Gober.

27. Defendant Gober, as owner or controller of the semi-tractor and trailer, failed to use ordinary care to avoid lending and/or providing a semi-tractor and/or trailer to Defendant Roe when said Defendant knew or reasonably should have known under the circumstances that Defendant Roe was careless, reckless, incompetent, and/or otherwise unqualified or lacking the basic skills and knowledge to drive the subject vehicles.

28. The acts and omissions in providing Defendant Roe a semi-tractor and/or trailer constitute independent acts of negligence on the part of Defendant

Gober.

29. Defendants' individual and concurring acts and omissions described herein were the direct, and proximate cause of the unnecessary injuries to Plaintiff.

30. That the actions of Defendant Gober in aiding and abetting Defendant Roe to violate the above referenced statutes and regulations violates 49 C.F.R. § 390.13.

31. Defendant Gober's individual and concurring acts and omissions described herein were the direct, and proximate cause of the unnecessary injury to the Plaintiff.

32. Defendants, by their conduct described herein, acted in reckless disregard of the rights of others and did a wrongful act intentionally without just cause or excuse.

33. Defendants were either aware or did not care that, under the circumstances, there was a substantial and unnecessary risk that their conduct would cause serious injury to others, and there was a high probability that their conduct would cause serious harm to another person.

34. As a result, a jury should give damages for the sake of example and by way of punishing said Defendants.

WHEREFORE, Plaintiff prays judgment against all Defendants jointly and severally for the injuries and damages suffered by the Plaintiff, and against all Defendants for exemplary or punitive damages, in such amount as is just and reasonable, exceeding the jurisdictional amount of $75,000.00, together with interest and costs thereon.

Respectfully Submitted,

By _____
William J. Ervin, Jr., OBA# 16831
The Law Firm for Truck Safety, L.L.P.
914 N. Broadway Avenue, Suite 140
Oklahoma City, Oklahoma 73102
(Phone) (405) 605-0442
(Fax)    (888) 838-8828
(email)  joe@truckaccidents.com

ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

7